# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, | CASE NO. 1:09-cv-01823  GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| WARDEN K. HARRINGTON, et al., | |
| Defendants. | (Doc. 1) |

RESPONSE DUE WITHIN THIRTY DAYS

### Screening Order

## I.      Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 363(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.   Plaintiff's Claims

The events at issue in this action occurred at Kern Valley State Prison (KVSP), where Plaintiff was housed at the time of the events complained of. Plaintiff, currently housed at Salinas Valley State Prison, brings this action against correctional officials employed by the California Department of Corrections and Rehabilitation at KVSP, claiming that he was subjected to unconstitutional conditions of confinement, in violation of the Eighth Amendment. Plaintiff names the following individual defendants: K. Harrington, Warden at KVSP; J. Castro, Associate Warden; Correctional Counselor T. Billings. Plaintiff sets forth three claims.

### A.   Claim One

Plaintiff alleges that immediately upon his arrival at KVSP, he "suffered retch, nausea, stomach cramps, and headache after drinking the prison water." (Compl. ¶ 9.) Plaintiff presented

1  to medical, and was advised by the nurse that he suffered a reaction to psychiatric medication.  Id.

2  Plaintiff alleges that as he continued to drink the water, he suffered the same reactions.  (Compl. ¶

3  10.)

4      Plaintiff alleges that "about August 18, 2009, to about August 25, 2009," the warden issued

5  an order for the inmates to not drink the water due to contamination.  Id.  Plaintiff contends that since

6  August 12, 2009, he has suffered, and continues to suffer, adverse effects from drinking the water

7  at KVSP.  (Compl. ¶ 11.)

8      The Eighth Amendment provides that "cruel and unusual punishment [shall not be]

9  inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane

10  conditions of confinement must meet two requirements, one objective and the other subjective."

11  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

12      The objective requirement is met if the prison official's acts or omissions deprived a prisoner

13  of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S.

14  825, 834 (1994)).   To satisfy the subjective prong, a plaintiff must show more than mere

15  inadvertence or negligence.  Neither negligence nor gross negligence will constitute deliberate

16  indifference.  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The

17  Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and

18  workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted

19  this as the test for deliberate indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

20      In order to state a claim, Plaintiff must allege facts indicating that defendants were

21  deliberately indifferent to the presence of contaminated water at KVSP.  The facts alleged indicate

22  that Warden Harrington was aware of the contamination between August 18 and August 25, 2009.

23   Plaintiff contends that, because he continued to get sick, defendants are liable for deliberate

24  indifference.

25      Page 4 of Exhibit A to Plaintiff's complaint is a copy of a memorandum from Warden

26  Harrington to all staff and inmates.  The memorandum is dated August 24, 2009, and addresses the

27

28

water restriction imposed at KVSP.[1]  The memorandum advised Plaintiff that on August 21, 2009, one of the two weekly water samples detected signs of E. Coli bacteria.  The memo indicates that a notice to staff and inmates was issued, advising all not to drink the water.   That evening, fresh water was trucked in to the prison for human consumption.  As an added precaution, food services staff adjusted the weekend menus taking into consideration the suspected water contamination.  On the morning of August 24th, the prison was notified by the testing laboratory that subsequent water tests were free from E. Coli.  The memo specifically informed staff and inmates that "this most likely indicates our original tests were 'false positives.'"  The lab tests were forwarded to the California Department of Health Services, Drinking Water Division.  That agency reviewed the test results and authorized KVSP to lift their water restrictions.

Plaintiff's exhibit contradicts his allegations.  The Court accepts as true Plaintiff's allegation that he got sick on August 12th and continues to suffer, but there are no factual allegations to support Plaintiff's conclusion that the symptoms were caused by contaminated drinking water.  Plaintiff's own exhibits indicates that defendants were aware of potential contamination on August 21, 2009, and took immediate steps to protect inmates and staff.  Plaintiff's exhibit A, page 4, specifically indicates that fresh water was trucked in to the prison that same evening.  Plaintiff, at most, was subjected to contaminated drinking water for part of a day.  As noted above, in order to hold defendants liable, Plaintiff must allege facts indicating that he was subjected on an objectively serious condition and that defendants were deliberately indifferent to it.  The facts established by Plaintiff's own exhibits indicates that the response by Warden Harrington was not "subjectively reckless," but was reasonable and was taken immediately.  That Plaintiff suffered physical harm does not subject defendants to liability.  There are no facts alleged indicating that any of the named defendants denied Plaintiff medical care, or in any way acted with deliberate indifference to his symptoms.

Further, Plaintiff's allegations indicate that he was advised by medical officials that his

---

[1] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.  See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

symptoms were a reaction to his psychiatric medication.   A difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference to serious medical needs. See Jackson v. McIntosh, 90 F.3d 330, 332 (9ᵗʰ Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9ᵗʰ Cir. 1981). This claim should therefore be dismissed.

### B.    Claim Two

Plaintiff alleges that on August 21, 2009, he filed an emergency appeal, "sending such directly to Defendant Harrington to rectify the dispute related to this claim." (Compl. ¶ 13.) Defendant Harrington allegedly forwarded the appeal to Defendant Billings for screening and processing.   Plaintiff alleges that Defendant Billings, in violation of CDCR policy, returned the appeal to Plaintiff, with the August 24, 2009, memorandum attached. Id.   On September 9, 2009, Plaintiff again sent the appeal to Defendant Harrington, "requesting to exhaust all state remedies to comply with Prison Litigation Reform Act (PLRA) 1997e." (Compl. ¶ 14.)  In response, Defendant Billings "imposed retribution and retaliation" against Plaintiff by requesting the Chief Correctional Administrator put Plaintiff on appeal restriction for appeal abuse.   Such restriction limits Plaintiff's ability to file inmate grievances to one a month for six months.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025 (8th Cir. 2007).

Plaintiff has alleged facts, liberally construed, that state a claim for relief against Defendant Billings for retaliation.  A liberal reading of the facts indicates that Billings had Plaintiff put on appeal restriction in response to Plaintiff's filing of an inmate grievance.

### C.    Claim Three

Plaintiff alleges that Defendants Warden Harrington and Associate Warden Castro, along with defendant John Doe, "have promulgated and implemented a policy and practice which authorize and permit Defendant Billings to maintain a systematic practice of deliberately violating CDCR policy and regulations in order to frustrate CSP-KV inmates." (Compl. ¶ 19.)   Plaintiff also alleges that they have promulgated a policy which "authorize and instruct Defendant Billings to knowingly and willfully impose appeal restrictions on CSP-KV inmates."

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Faye v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff alleges facts indicating that a policy implemented by Harrington and Castro is responsible for his restriction on his right to file inmate grievances.  Plaintiff has alleged facts, liberally construed, that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646.  Plaintiff has therefore stated a claim for relief against Defendants Harrington and Castro.

#### 1.    Doe Defendant

"As a general rule, the use of 'John Doe' to identify a defendant is not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  While Plaintiff's use of the "Doe" moniker to sue unidentified prison officials is permissible, Plaintiff's ambiguous use of the fictitious name is

1   improper.  Plaintiff must identify the defendant, and charge that defendant with conduct that states

2   a claim for relief.  Should Plaintiff allege facts indicating that the Doe defendant deprived Plaintiff

3   of a protected interest, he must still identify the defendant.  The Court cannot order service upon an

4   un-named defendant.

5   **III.    Conclusion and Order**

6          Plaintiff's complaint states a claim against Defendant Billings for retaliation and against

7   Defendants Harrington and Castro for implementation of an unconstitutional policy.  Plaintiff fails

8   to state a claim under Eighth Amendment.

9          If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

10  on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and

11  the Court will issue a recommendation for dismissal of the other claims and defendants, and will

12  forward to Plaintiff three summonses and three USM-285 forms for completion and return.  Upon

13  receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

14         If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but

15  must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or

16  other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88. Finally, Plaintiff is advised that an amended

17  complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir.

18  1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without

19  reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll

20  causes of action alleged in an original complaint which are not alleged in an amended complaint are

21  waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th

22  Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

23         Based on the foregoing, it is HEREBY ORDERED that:

24  1.     The Clerk's Office shall send to Plaintiff a civil rights complaint form;

25  2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

26         a.     File an amended complaint curing the deficiencies identified by the Court in

27                this order, or

28         b.     Notify the Court in writing that he does not wish to file an amended

7

complaint and wishes to proceed only against Defendants Billings, Harrington and Castro

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:**   **November 22, 2010**          _____ **/s/ Gary S. Austin** _____
                                                    UNITED STATES MAGISTRATE JUDGE

8