**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WARDEN K. HARRINGTON, et al.,<br><br>　　　　Defendants.<br>_____ / | 1:09-cv-01823-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND ADDRESSING MOTION FOR CLARIFICATION<br>(Docs 19, 20.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

**I.    BACKGROUND**

John W. Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 16, 2009. (Doc. 1.) On October 29, 2009, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have appeared. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The Court screened Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915A and issued an order on November 22, 2010 requiring Plaintiff to either file an amended complaint or notify the Court of his willingess to proceed on the claims found cognizable by the Court. (Doc. 13.) On

1  January 11, 2011, Plaintiff filed the First Amended Complaint.  (Doc. 16.)

2  On September 20, 2011, the Court issued a second screening order ("SSO") dismissing
3  Plaintiff's First Amended Complaint for failure to state a claim, with leave to amend the retaliation
4  and policy-implementation claims within thirty days. (18.)  On September 29, 2011, Plaintiff filed
5  objections to the SSO, seeking reconsideration by the Court.  (Doc. 19.)  On October 6, 2011,
6  Plaintiff filed a motion for clarification of the SSO.  (Doc. 20.)

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff argues, without evidence or further explanation, that the Court's reliance on the Iqbal standard for screening the First Amended Complaint is a misapplication of the law.  Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

///

### III. MOTION FOR CLARIFICATION

Plaintiff requests clarification of the Court's decision in the SSO dismissing his unsafe drinking water claim without leave to amend. (M for Clarification, Doc. 20.) Plaintiff maintains, without explanation, that his claim against defendants for failing to provide safe drinking water is meritorious despite the Court's finding that "'Plaintiff fails to allege any facts demonstrating that any of these defendants personally acted with deliberate indifference.'" Id.

In the SSO, the Court found that Plaintiff failed to state a claim under the Eighth Amendment for deliberate indifference to his need for safe drinking water, because Plaintiff failed to allege any facts demonstrating that any of the defendants personally acted knowing that Plaintiff faced a substantial risk of harm and disregarding that risk by failing to take reasonable measures to abate it. (SSO, Doc. 18 at 7-8 ¶C.) The Court advised Plaintiff that under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.[1] Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added);(SSO at 7 ¶B.)   Plaintiff was also advised that the deliberate indifference standard is a high legal standard wherein the prison official must "draw the inference" that a substantial risk of serious harm exists. Toguchi v. Chung, 391 F.3d 1050, 1060 (9th Cir. 2004); (SSO at 8:9-18.)  Plaintiff failed to allege facts demonstrating that any of the named defendants, through his or her own individual actions, violated Plaintiff's constitutional right to safe drinking water.  Plaintiff has now filed two complaints, with assistance by the Court, without stating a claim against defendants for unsafe drinking water.[2]  Thus, the Court concluded that this claim is not capable of being cured by amendment. (SSO at 20 ¶V.)

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on September 29, 2011, is DENIED;

---

[1] Plaintiff was also advised in the SSO that liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009) (SSO at 7 ¶B.)

[2] The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

2. Plaintiff's motion for clarification, filed on October 6, 2011, is RESOLVED by this order;

3. No further objections or motions for consideration or clarification of the September 29, 2011 order shall be considered; and

4. Plaintiff is granted thirty days from the date of service of this order in which to file a Second Amended Complaint, pursuant to the Court's order of September 20, 2011.

IT IS SO ORDERED.

Dated:  **October 17, 2011**              /s/ **Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE