# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, | 1:09-cv-01823-GSA-PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER |
| vs. | |
| WARDEN K. HARRINGTON, et al., | (Doc. 18.) |
| Defendants. | THIRTY DAY DEADLINE TO FILE RESPONSE |
| _____/ | |

**I.  BACKGROUND**

John W. Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on October 16, 2009.  (Doc. 1.)  On October 29, 2009, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have appeared. (Doc. 6.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On September 20, 2011, the Court entered an order dismissing Plaintiff's First Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint to amend only his retaliation and policy implementation claims, within thirty days.  (Doc. 18.)  On September 29,

2011, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. 19.) On October 17, 2011, Plaintiff's motion was denied and he was granted a thirty-day extension of time to file the Second Amended Complaint. (Doc. 21.) On November 14, 2011, Plaintiff notified the Court of his intent to rest on the claims in his Second Amended Complaint. (Doc. 24.) However, Plaintiff's thirty-day deadline has expired, and Plaintiff has not filed a Second Amended Complaint or requested another extension of time.

**II.    DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH COURT ORDER**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than two years.  Plaintiff's failure to file a Second Amended Complaint may reflect Plaintiff's lack of interest in prosecuting his case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not file an amended complaint to enable his case can proceed.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to amend the complaint that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the

Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III.     ORDER TO SHOW CAUSE

Plaintiff is required to show cause why his case should not be dismissed for failure to comply with the Court's order of September 20, 2011.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of service of this order, Plaintiff shall file a written response to the Court, showing cause why his case should not be dismissed for failure to comply with the Court's order of September 20, 2011, which required him to file a Second Amended Complaint;

2. In the alternative, within thirty days from the date of service of this order, Plaintiff may file a Second Amended Complaint amending only the retaliation and policy implementation claims, in compliance with the Court's order of September 20, 2011; and

3. Plaintiff's failure to comply with this order will result in the dismissal of this action for failure to state a claim.

IT IS SO ORDERED.

Dated:    **December 9, 2011**                    **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE