1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, | 1:09-cv-01823-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 15.) |
| v. | |
| WARDEN K. HARRINGTON, et al., | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| Defendants. | ORDER DIRECTING CLERK TO CLOSE CASE |
| _____/ | |

## I.    RELEVANT PROCEDURAL HISTORY

John W. Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on October 16, 2009. (Doc. 1.) On October 29, 2009, Plaintiff consented to the jurisdiction of a Magistrate Judge, and no other parties have appeared. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

///

1

The Court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on November 22, 2010, requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found cognizable by the Court. (Doc. 13.) On January 11, 2011, Plaintiff filed the First Amended Complaint. (Doc. 16.) The Court screened the First Amended Complaint and entered an order on September 20, 2011, dismissing the complaint for failure to state a claim, with leave to amend only the retaliation and policy claims. (Doc. 18.) On December 27, 2011, Plaintiff filed the Second Amended Complaint, which is now before the Court for screening. (Doc. 27.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal 129 S.Ct. at 1949. While factual allegations are accepted as true, legal conclusions are not. Id.

///

1    To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state

2  a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,

3  969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility

4  standard. Id.

5  **III.    SUMMARY OF SECOND AMENDED COMPLAINT**

6    Plaintiff is presently incarcerated at Salinas Valley State Prison in Soledad, California.  The

7  events at issue occurred at Kern Valley State Prison ("KVSP") in Delano, California, while Plaintiff

8  was incarcerated there.  Plaintiff names as defendants Arnold Schwarzenegger, former Governor of

9  California; Scott Kernan, CDCR Undersecretary; K. Harrington, Warden at KVSP; M. Biter, Chief

10  Deputy Warden at KVSP; J. Castro, Associate Warden at KVSP; and T. Billings, Correctional

11  Counselor II ("Defendants").

12    Plaintiff alleges as follows in the Second Amended Complaint.

13    ***Prison Appeals Process***

14    Plaintiff alleges that in April 2005, the CDCR, Governor Schwarzenegger, and CDCR

15  Undersecretary Kernan applied to the California Department of Health Services and were issued a

16  permit to operate water wells at KVSP.  KVSP officially opened in 2005, serving the personal

17  interests of the Governor and investors.  Within weeks of opening, it was discovered that the water

18  in KVSP's wells exceeded the federal standard for arsenic levels.  The Governor and Undersecretary

19  Kernan filled KVSP with inmates, in order to gain profits to operate state agencies and benefit their

20  private investments.  Because of the monetary gain, the CDCR, Governor, and Undersecretary

21  deliberately ignored the arsenic poisoning and made little effort to protect the inmates from well-

22  known harmful effects. Defendants Harrington, Biter, and Castro also failed to ensure that KVSP

23  inmates had potable water.

24    On August 12, 2009, Plaintiff arrived at KVSP and immediately suffered symptoms after

25  drinking the contaminated water.  Plaintiff's symptoms continued through August 27, 2010, and

26  Plaintiff also suffered dehydration and blurred vision from avoiding regular consumption of the toxic

27  water.

28  ///

3

On August 21, 2009, Plaintiff sent an emergency grievance about the toxic water to Warden Harrington, who forwarded it to defendant Billings for screening and processing. Defendant Billings intentionally misled Plaintiff by returning the grievance to Plaintiff with a form stating, "The enclosed documents are being returned to you for the following reasons." A memorandum, signed by Warden Harrington, was attached, stating that the water restriction at KVSP had been lifted. Plaintiff re-submitted the grievance, requesting to exhaust his remedies under the PLRA. Defendant Billings then retaliated against Plaintiff for using the grievance system, to prevent him from complying with the PLRA concerning the drinking water issue. First, Billings petitioned to have Plaintiff disciplined by placing him on a six-month appeal restriction, based on a false claim that Plaintiff had abused the appeal system by filing more than one non-emergency appeal within a seven-day period. Then Billings rejected Plaintiff's emergency grievance again, intentionally misleading Plaintiff by directing him to obtain an Informal Level Response; this was a ploy to buy time until the request for Plaintiff's appeal restriction was approved. In response to Defendant Billings' direction, Plaintiff forwarded the emergency grievance to Associate Warden Castro, requesting an Informal Level Response, but Castro refused to provide the response and forwarded the grievance back to Billings. Meanwhile, Plaintiff's appeal restriction was approved. Billings then rejected Plaintiff's emergency grievance due to "appeal restriction."

Plaintiff alleges that Defendant Billings' actions did not serve to advance a legitimate correctional goal and were only taken to frustrate Plaintiff's attempts to exhaust state remedies for his grievance about the toxic water.

### *Policy Decisions*

Plaintiff alleges that Defendants Harrington, Biter, and Castro promulgated and implemented a policy which authorized and encouraged Defendant Billings to defy CDCR policy specifically to prevent KVSP inmates, including Plaintiff, from exhausting state remedies under the PLRA, and to block grievances filed by KVSP inmates which challenge constitutional violations occurring at KVSP. Plaintiff further alleges that Defendant Billings was permitted to impose various retaliatory acts, including appeal restrictions, to punish KVSP inmates, including Plaintiff, who pursue

///

grievances challenging constitutional violations at KVSP, or who complain about Defendant Billings' intentional mishandling of grievances.

When Plaintiff filed grievances complaining about Defendant Billings' unlawful and retaliatory acts, Defendants Harrington, Biter, and Castro responded by either obstructing the grievances or arranging for CCPOA Union representatives to conduct counterfeit investigations so that deficient policies may persist.  Defendant Billings was afforded protection and immunity by an infamous Code of Silence and promotion in rank and pay grade.

## III.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.   Claims Previously Dismissed

In the Court's screening order of November 20, 2011, Plaintiff's official capacity claims, supervisory liability claims, claims for failure to protect, conspiracy, deficient inmate appeals process, violation of rights to due process and equal protection, violations of the ADA and RA, for declaratory and injunctive relief, and claims arising after the date the complaint was filed, were dismissed from this action, without leave to amend. (Doc. 18 at 22 ¶3.)  Therefore, to the extent that Plaintiff brings any of these dismissed claims in the Second Amended Complaint, he is not permitted to do so, and the Court shall not address them here.  Plaintiff was granted leave to file a Second Amended Complaint amending only the retaliation and policy claims.  (Id. ¶¶1,5.)

### B.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that defendant Billings retaliated against him by imposing an appeal restriction on Plaintiff based on a false claim that Plaintiff had filed more than one non-emergency appeal within seven days. Plaintiff states that "Defendant Billings' actions did not serve to advance a legitimate correctional goal." (Second Amended Complaint at ¶18.) This "formulaic recitation of the elements" is not entitled to the assumption of truth. Iqbal, 129 S.Ct. at 1951. Plaintiff also makes other conclusory allegations, without supporting facts, such as "Defendant Billings intentionally misled Plaintiff by returning the grievance," and "intentionally misle[d] Plaintiff by directing him to obtain an Informal Level Response [as] a ploy to buy time." These statements contain bare assertions about Defendant Billings' intentions, which are not entitled to be assumed true. Id.

Even taking as true that Defendant Billings falsely claimed that Plaintiff had filed more than one non-emergency appeal within seven days, Plaintiff has not alleged facts supporting a reasonable inference that Defendant Billings purposely acted against him *because of* the appeal about toxic water. Plaintiff alleges that Defendant Billings wanted to prevent him from complying with the PLRA *concerning the drinking water issue*, but Plaintiff has not cited any behavior or statement by Defendant Billings to suggest he took issue with the subject matter of Plaintiff's appeal. The fact that Defendant acted to restrict Plaintiff's appeals shortly after Plaintiff filed the appeal does not show suspect timing if there is no plausible reason for Defendant to take issue with the appeal. Plaintiff makes only bare assertions that Defendants Schwarzenegger, Kernan, Harrington, Castro, and Biter ignored or wanted to conceal the fact that KVSP's water was toxic, and he has not alleged that any of these Defendants personally acted in retaliation against him. Therefore, Plaintiff fails to state a cognizable claim for retaliation against any of the Defendants, and this claim shall be dismissed.

### C.   Policy Claims

Plaintiff alleges that Defendants Harrington, Biter, and Castro promulgated and implemented a policy which authorized and encouraged Defendant Billings to prevent Plaintiff and other KVSP

inmates from exhausting state remedies under the PLRA and to block grievances which challenge constitutional violations at KVSP.  Plaintiff also alleges that Defendants' policy allowed Defendant Billings to retaliate against Plaintiff and other inmates for pursuing grievances challenging constitutional violations at KVSP, or for complaining about Defendant Billings' intentional mishandling of grievances.

Wardens Harrington, Biter, and Castro hold supervisory positions at KVSP.  To state a policy claim based on supervisory liability, Plaintiff must allege facts that they personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not specified any policy promulgated or implemented by Defendants, or any action personally taken by any of the Defendants, authorizing or encouraging Defendant Billings to retaliate against inmates or block them from filing grievances or from complaining about Defendant Billings' intentional mishandling of grievances.  It is not enough to allege that a policy authorizes behavior, such as imposing appeal restrictions, which can be used improperly in a retaliatory manner.  Plaintiff has not alleged facts demonstrating that any policy was a "repudiation of constitutional rights" or "the moving force" of the constitutional violation against him.  Therefore, Plaintiff fails to state a claim against Defendants for the promulgation and implementation of policies that infringed upon Plaintiff's exercise of his constitutional rights, and this claim shall be dismissed.

**IV.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the Defendants.  In this action, the Court previously granted Plaintiff two opportunities to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed three complaints without alleging facts against any of the Defendants which state a claim under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.

1   28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Noll v. Carlson,

2   809 F.2d 1446, 1448-49 (9th Cir. 1987).

3       Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is

4   HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief

5   may be granted under section 1983.  This dismissal is subject to the "three-strikes" provision set

6   forth  in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

7

8       IT IS SO ORDERED.

9    **Dated:   May 25, 2012**                       **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28